MR. JUSTICE CASTLES,
(dissenting):
I dissent. I would hold that evidence of the blood sample taken from defendant is admissible against him.
The opinion of the majority stands for the proposition that the highway patrolman or police officer on the scene does *195 have the discretion to make the determination of whether the suspect is “in a condition rendering him incapable of refusal” but that, in this case, the agreed statement of facts was insufficient to support a finding that this defendant was “in a condition rendering him incapable of refusal”. I would hold that the agreed statement of facts does support such a finding. The defendant was in the emergency room of the hospital. He was in a supine position at all times. The nurse on duty noted that defendant “appeared to be confused and was suffering abrasions and contusions.” To have actually placed defendant under arrest at this time quite possibly could have worsened his physical and emotional condition. Public policy demands the liberal interpretation of laws concerning driving on public highways while under the influence of alcohol. The drunk driver is responsible for a great percentage of traffic deaths on the nation’s highways. The “implied consent” law was enacted as a deterrent force to keep drunk drivers off the road. In order to give effect to the law, law enforcement officers must be able to use discretion in enforcing it. This is not an unbridled discretion, as the majority opinion would suggest, but is discretion reviewable at all times by the courts